### GIBSON et al. v. NADEL & GUSSMAN.
#### Civ. No. 363.

District Court, N. D. Texas,
Wichita Falls Division.

Oct. 30, 1946.

Storey, Storey & Donaghey, of Vernon, Tex., and Smoot & Smoot, of Wichita Falls, Tex., for plaintiffs.

A. C. Saunders, of Tulsa, Okl., and Guy Rogers, of Wichita Falls, Tex., for defendants.

ATWELL, District Judge.

Colbert and three others sue for what they conceive to be their respective rights under the Wage and Hour Act, 29 U.S. C.A. § 201 et seq. The aggregate amount is $6,371.62.

From their petition it appears that the defendants bought the oil properties on which they were employees in 1940, and that at that time the defendants made an oral agreement with each of them to continue as their employees on a monthly basis. That the plaintiffs other than Colbert sue for claims which were considerably more than three years old at the time of bringing this suit on April 27, 1946. That a portion of Colbert's claim also covers a period extending back more than two years before the suit was brought, but that some of it accrued less than two years before the suit was brought.

The defendants move to dismiss because the statute of limitation, as fixed by the state of Texas, rules this sort of an action in this court. The correctness of that contention may not be questioned. Corbett v. Schlumberger, D.C., 43 F.Supp. 605; Klotz v. Ippolito, D.C., 40 F.Supp. 422; Thomas v. Peerless, D.C., 62 F.Supp. 154. A state statute, Art. 5526, subdivision 4, 1936 Vernon's Texas Civil Statutes provides that "Actions for debt where the indebtedness is not evidenced by contract in writing. * * *."

Plaintiff pleads Art. 5537, of the same general statutes, which provides for the tolling of the statute, "If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title."

The defendant counters by pleading Art. 2033b which permits the service of process on an agent or clerk in the office in the county other than the residence of the principal.

The testimony submitted upon the issues so raised in the motion and the response thereto shows that the defendants are still residents of Oklahoma, and that they, in accordance with the last-mentioned statute, nominated a person upon whom civil process could be served "in all suits or actions growing out of or connected with such business and brought in the county in which such office, place of business or agency is located." The statute further provides that these provisions shall apply as well to nonresidents of the state as to nonresidents of the county. That nomination was in effect during the time of the claimed existence of the debt. The person so named is the person upon whom the service in this suit was had. Such suit brought the defendants at once into court in obedience thereto. Such absence did not, therefore, toll the statute.

Again the plaintiff suggests that another Article of the statute, to-wit, 5527, substitutes four years instead of two years as the limitation period, under subdivision 2 of that Article which provides, "Actions for the penalty or for damages on the penal clause of a bond to convey real estate, * * *." A mere reading of this provision makes it unnecessary to say otherwise than that it has no application. The suggestion that the vigor and cumulative nature of the wage and hour right of recovery for the worker brings it within the wording of that particular subdivision, may hardly be logically supported.

Apparently the defendants operated their Texas properties in such a manner as to completely protect their employees in so far as any right of action by those employees is concerned. The testimony indicates that the employees were paid promptly and if such a procedure had not been followed they could have instituted suit at any time and secured valid service even though the employees and owners of the property were residents of Oklahoma.

An order of dismissal of such portions of the suit as have existed more than two years before the suit was filed, may be drawn, which leaves Colbert as the only plaintiff for a portion of his claim not so affected.